**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

LORI W. WILL
VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

July 3, 2025

Calvin Howard, Jr.
3039 North 16th Street
Philadelphia, Pennsylvania 19132

Laszhaneah Jones
152 Portside Court
Bear, Delaware 19701

RE:   *Calvin Howard, Jr. v. Laszhaneah Jones*,
C.A. No. 2025-0657-LWW

Dear Mr. Howard and Ms. Jones:

I have reviewed the supplemental statement filed by Ms. Jones this afternoon.[1] Ms. Jones seeks "an immediate ruling or temporary restraining order halting any burial or funeral services . . . ."[2] I am treating her supplemental submission as a request for reconsideration and a stay of my June 20, 2025 Order Regarding Disposition of Remains (the "Order").[3] Given the exigencies and importance of this matter to the parties, I have given emergency treatment and careful consideration to this request. For the reasons explained below, it is denied.

---

[1] Dkt. 29 ("Respondent's Statement").

[2] *Id.* at 2.

[3] Dkt. 24 ("Order").

"To succeed and obtain reargument, the moving party must demonstrate that the Court's decision was predicated upon a misunderstanding of a material fact or a misapplication of the law."[4]  Neither exists here.[5]

The Order is governed by 12 *Del. C.* § 264.  It states that under the applicable provision of the statute, the "surviving parents or legal guardians of the decedent whose whereabouts are reasonably ascertainable" will control the dispositions of their child's remains."[6]  But here, the parents of the decedent were unable to agree on the disposition of their son's remains.[7]  I therefore considered what I believed after trial to be most "consistent with the decedent's last wishes to the extent they are reasonable under the circumstances."[8]  I explained that, given Calvin J. Howard III's "longtime residency in Pennsylvania, the number of years he went to school there, and the many relatives and friends he has nearby who may wish to pay their respects," a funeral in Philadelphia was appropriate.[9]  I directed the funeral home to

---

[4] *Fisk Ventures, LLC v. Segal*, 2008 WL 2721743, at *1 (Del. Ch. July 3, 2008) (citation omitted), *aff'd*, 984 A.2d 124 (Del. 2009) (TABLE).

[5] The request for reconsideration is also untimely.  Ct. Ch. R. 59(f).

[6] Order ¶ 4 (quoting 12 *Del. C.* § 264(a)(5)).

[7] *Id.* ¶ 5.

[8] *Id.* ¶ 7 (quoting 12 *Del. C.* § 264(c)).

[9] *Id.* ¶ 8.

"release the remains of Calvin J. Howard III" to the Petitioner—the decedent's father.[10]

Ms. Jones's supplemental statement asserts that she is the "named executor in the valid Last Will and Testament of Calvin Howard III, which has been properly lodged with the New Castle County Register of Wills."[11] The attachment to that statement, however, is a receipt of last will and testament.[12] No will is attached, nor is there confirmation that any will has been accepted by the Register of Wills as valid. There is also no evidence that an estate for Calvin J. Howard, III has been opened; that the will has been admitted to probate; or that Ms. Jones was appointed as executor. Section 264(a)(5) therefore remains applicable for the reasons explained in the Order.

I see no grounds to revisit the holding in the Order.[13] Accordingly, the request for reconsideration and stay of the Order is denied. IT IS SO ORDERED.

---

[10] *Id.* ¶ 9.

[11] Respondent's Statement 1. "The filing of a will with the Register [does] not create any presumption as to the authenticity of the document, the signatures on the will or its admissibility to probate." 12 *Del. C.* § 2513(g).

[12] Respondent's Statement Ex. B (Dkt. 30); *see also* 12 *Del. C.* § 2513.

[13] Ms. Jones attempted to file papers in Superior Court on June 27, 2025, for intended docketing in the Court of Chancery. As I previously explained, those papers were improperly filed. *See* Dkts. 27-28. Nevertheless, given the seriousness of this matter, I

I continue to offer my deepest condolences to the parties.

Sincerely yours,

*Lori W. Will*

Lori W. Will
Vice Chancellor

cc:  Benjamin M. Whitney, Esquire, attorney *ad litem*

---

have reviewed the information that Ms. Jones offered in those papers to assess whether there are grounds for reconsideration of the Order.  My conclusions above stand.